(34 South. 600.)

No. 14,670.

PALFREY v. ASSOCIATION FOR RELIEF OF JEWISH WIDOWS & ORPHANS.

(June 8, 1903.)

CORPORATION—CHANGE OF CORPORATE NAME —SALE OF REALTY—VALIDITY.

1. A corporation was organized in the year 1853 under the name of "Orphans' Home," for a stated number of years.

2. Just prior to the expiration of the time for which it was organized it obtained, by amendment of its charter, another lease of life, and added the word "Protestant," so that it continued in the exercise of its functions as at first organized under the name of the "Protestant Orphans' Home."

3. It bought land; afterward sold it to the plaintiff.

4. In addition, all the members of the organization at the date of the sale signed the deed of sale to plaintiff. They transferred a complete title to him, which he accepted in good faith. The society had owned the property, at the date of the sale, more than 30 years.

5. The members of the original association, which continued by amendment of its charter under the name of "Protestant Orphans' Home," sought to specially transfer the property from the "Orphans' Home" to the "Protestant Orphans' Home," a useless formality, as it remained the property of the "Orphans' Home," known after the amendment of the charter as the "Protestant Orphans' Home."

*Held,* the title is valid, and one which the plaintiff can be compelled to accept.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. D. King, Judge.

Action by William Palfrey against the Association for the Relief of Jewish Widows and Orphans. Judgment for plaintiff, and defendant appeals. Affirmed.

Felix J. Dreyfous and Solomon Wolff, for appellant. William Stirling Parkerson, for appellee.

BREAUX, J. This suit was brought by plaintiff to compel the defendant, the Association for the Relief of Jewish Widows and Orphans, to accept title tendered by him to defendant of a certain square of ground situated in the Sixth District of New Orleans, bounded by Peters avenue, Valmont, St. Denis, and St. Patrick streets, which he agreed to sell for $8,500.

He sets up that his title was entirely valid, and that defendant can accept without fear

of any disturbance growing out of any invalidity, as the title is entirely legal.

Defendant questions the validity of the title on several grounds, and urges particularly that in the chain of title there is a donation to be taken into account, which vitiates the title.

In order to get at a correct idea of the chain of title, it becomes necessary to refer to the different deeds and acts. Beginning with the first, we found that in 1853 a number of ladies formed a corporation, declaring as a reason that many children during the epidemic in the year 1853 had lost their parents; that, in order to come to their relief, they organized themselves into an association to be known as the "Orphans' Home."

This association was formed on the 21st day of October, 1853, for the period of 20 years.

Thereafter, in June, 1869, for a complete and full consideration, this association became the owner of the property which plaintiff sold to defendant, as before mentioned. In the year 1872, the members, it seems, became alive to the necessity of extending the term of their charter, which was soon to expire by limitation.

After proper proceedings, within the 20 years, the term of the charter was extended for 10 years, and, in addition, the name of the corporation was changed from "Orphans' Home" to "The Protestant Orphans' Home."

The extension and change were made after due notice and advertisement. In the year 1883, again in due time, another supplemental charter was prepared and signed by the members, and by it the time of the original charter was extended 99 years.

As relates to the property in question (which belonged to the defendant from the year 1869) in February, 1888, by act before Andrew Hero, notary public, the Protestant Orphans' Home sold it to plaintiff, Palfrey, who has since been the owner.

When the property was sold to plaintiff, Palfrey, in 1888, the corporation was represented by all of its living members. Each signed the deed of sale, and acknowledged to have received the price for the property, which was ample.

Mr. Palfrey bought in good faith, and everything about the transaction was such as to create the impression that none but a valid deed was transferred; an impression which, we think, is entirely sustained by the facts and circumstances attending the sale.

We have no hesitation in stating that the Protestant Orphans' Home was the successor of the Orphans' Home.

"The Protestant Orphans' Home" was the old corporation with the name "Protestant" added for identification only, as we take it.

Learned counsel for defendant takes the position that the charter of 1883 was an independent charter, and that the charter members did not intend to continue the old organization known as the "Orphans' Home." We do not agree with that proposition, and in support of our view we turn to the charter before P. C. Cuvellier, notary, in 1873, and find that the name and title of the corporation was to be "The Protestant Orphans' Home," and that it was to have all the rights and corporate powers of the "Orphans' Home." This is made evident by the first article of the charter.

We afterwards turn to the charter of 1883, and find that the same corporation is referred to by the members. The secretary mentioned in that capacity in the charter of 1883 was secretary when the charter of 1873 was adopted.

Everything connected with this charter shows that it was a continuation of the original Orphans' Home association. Everything indicates that the members regarded the corporation of 1883 as the successor of the corporation of 1873, and that of 1873 as the successor of the corporation of 1853.

But, says learned counsel for defendant, on January 16, 1888, the surviving members of the Orphans' Home held a meeting, and appointed commissioners with full power and authority to litigate and settle all the affairs of the corporation, and authorized these commissioners to transfer in full title to the Protestant Orphans' Home, the successor of the Orphans' Home, all the property of the Orphans' Home; and that the corporation (formed in 1883) on June 19, 1888, gave the power to its president to accept the proposed transfer; that from the documents to which they refer it is clear that neither the members of the Orphans' Home, nor the members of the Protestant Orphans' Home considered the latter corporation as being

the successor in law of the former; and that they did not consider the rights which were conferred in the charter of 1873 and 1883 on the Protestant Orphans' Home as including the property of the Orphans' Home.

Counsel propounds the question, if it had been considered that the corporations were identical, why should the members of the Orphans' Home adopt the resolution to specially transfer this property to the Protestant Orphans' Home?

The difficulty suggested by this question is met by the thought which our question suggests. Why did the old board and the old association transfer the property in question to the new board and the Protestant Orphans' Home if the old board and the old Orphans' Home was an independent association, and had no relation to the new Protestant Orphans' Home?

The corporations were identical, and there was no necessity to resort to proceedings, with the view of transferring the property from the Orphans' Home to the Protestant Orphans' Home, as was done; but this of itself does not show that the corporations were not identical, for every fact points to complete identity. The membership was identical. It was the continuation of the old association by election of new members, who came in and continued the work.

It follows the association, as sometimes happens, did more than necessary, or offered to do more than necessary, in matter of their title to the property, by proposing to obtain a regular deed of transfer from the defunct Orphans' Home organization which had become the Protestant Orphans' Home association.

The last representatives of the Protestant Orphans' Home are the parties who appeared before the notary and transferred the property to William Palfrey, as we have mentioned before. This was a complete and absolute transfer, sustained by more than 10 years of uninterrupted, peaceful possession. More than 30 years prior thereto the original association continued and kept its rights alive, and acted as a corporation.

We think the title emanating from such a source is entirely legal, and one which plaintiff is safe in accepting.

There are no members of the old Orphans' Home association, except those that have expressed their will through the Protestant Orphans' Home, existing.

We therefore have concluded, after having considered these different acts and titles, to affirm the judgment of the lower court.

By reason of the law and the evidence being in favor of plaintiff, the judgment of the district court is hereby affirmed.